UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REBECCA LEMPERLE,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>AVIS RENT-A-CAR SYSTEMS, et al.,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:18-CV-202 JCM (DJA)<br><br>ORDER |

Presently before the court is defendant Vincent Tjota's ("defendant") motion *in limine* regarding demonstrative exhibits.  (ECF No. 94).  Plaintiff Rebecca Lemperle responded.  (ECF No. 103).

Also before the court is defendant's motion *in limine* to exclude animation during trial.  (ECF No. 95).  Plaintiff responded.  (ECF No. 101).

Also before the court is defendant's motion *in limine* to exclude golden rule and reptile arguments.  (ECF No. 96).  Plaintiff responded.  (ECF No. 105).

Also before the court is defendant's motion *in limine* to exclude cumulative medical and lay witness testimony.  (ECF No. 97).  Plaintiff responded.  (ECF No. 102).

Also before the court is defendant's motion *in limine* to exclude evidence not timely produced.  (ECF No. 98).  Plaintiff responded.  (ECF No. 104).  Defendant replied.  (ECF No. 108).

Also before the court is defendant's motion *in limine* to exclude any evidence of lost earnings, loss of earning capacity and loss of household services not supported by any evidence produced before the discovery deadline.  (ECF No. 99).  Plaintiff responded.  (ECF No. 100). Defendant replied.  (ECF No. 109).

**James C. Mahan**
**U.S. District Judge**

Also before the court is plaintiff's motion to strike defendant's replies. (ECF Nos. 110 & 112). Defendant responded, (ECF No. 113), to which plaintiff replied. (ECF No. 114).

**I.  Facts**

This case arises from a car accident on April 30, 2016. (ECF No. 60). Plaintiff makes several claims of damages, including lost earnings, loss of earning capacity, and loss of household services. (*Id.*). Defendant disputes liability and argues that plaintiff was speeding. (ECF No. 63 at 4). Defendant now moves for orders regarding evidence at trial. (ECF Nos. 94, 95, 96, 97, 98, 99).

**II.  Legal Standard**

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court may make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion."). "[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

James C. Mahan
U.S. District Judge

"Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013).

### III.     Discussion

As a preliminary matter, this court grants plaintiff's motion to strike defendant's replies. (ECF Nos. 110 & 112).  Per Local Rule 16-3(a), replies for motions *in limine* are "allowed only with leave of the court."  LR 16-3(a).  No such leave was sought, and the replies were unnecessary for this court's determination.

Defendant makes six motions *in limine*, many of which are unnecessary.  (ECF Nos. 94, 95, 96, 97, 98, 99).  The court denies these in full.  This court will impose sanctions for any future "'follow the law' type motions."  (ECF No. 96).

#### a. Motion in Limine regarding Demonstrative Exhibits

Defendant seeks an order that the parties "exchange any demonstrative exhibits, power point presentations, photographs, videos, animation or pictures at least fourteen (14) days before trial, or such other time sufficiently in advance of the trial."  (ECF No. 94).  Plaintiff is not opposed to this request because Federal Rule of Civil Procedure 26 already mandates such pretrial disclosure.  (ECF No. 103).  However, plaintiff correctly notes that defendant is not entitled free rein to review *all* her material.  Certain items will qualify as attorney work product.

This court denies defendant's first motion *in limine* as unnecessary.  Any relevant objections to specific exhibits will be adjudicated as they arise.  Existing rules and principles will continue to bind the parties, and this court will determine the appropriateness of evidence at trial.

#### b. Motion in Limine to Exclude Animation

Defendants seek to preemptively exclude animations and video reenactments of the accident and plaintiff's surgery.  (ECF No. 95).  "[A] 'Disney or Pixar-like' format of colorful digital animation" may prejudice the jury.  (*Id.*).  In response, plaintiff more-thoroughly describes the evidence speculated by defendant.  (ECF No. 101).  As described in plaintiff's

**James C. Mahan**
**U.S. District Judge**

- 3 -

opposition, these animations appear admissible, but this court refrains from passing judgment. This court will exercise its discretion on these animated reenactments when they are actually presented. Defendant's motion is denied. (ECF No. 95).

    *c. Motion in Limine to Exclude Golden Rule and Reptile Arguments*

Defendant asks that this court prohibit plaintiff's counsel from "offering any evidence or making any direct or indirect reference regarding jury nullification, personal opinion(s) about this case, 'Reptile' arguments or Golden Rule arguments." (ECF No. 96). Plaintiff responds that these "stock defense motion[s]" should not lead this court to pre-judge evidence. (ECF No. 105). Again, this court denies defendant's motion as unnecessary. (ECF No. 96). The parties will follow applicable law, and the court will act if it sees otherwise. (*Id.*). This court will not rule on the extensive hypotheticals presented by defendant. (*Id.*).

    *d. Motion in Limine to Exclude Cumulative Medical and Lay Witness Testimony*

Defendant broadly asks this court to exclude "cumulative medical and lay witness testimony and order only one witness per issue at the time of the trial." (ECF No. 97). Defendant proceeds to list specific witnesses that plaintiff has disclosed. (*Id.*). Plaintiff responds that defendant's argument is speculative at this juncture. (ECF No. 102). This court agrees and refrains from now determining what testimony is cumulative. This motion is denied. (ECF No. 97).

    *e. Motion in Limine to Exclude Evidence Not Timely Produced*

Defendant seeks to exclude evidence that was not timely produced, "specifically with respect to the computation of damages not supported by any evidence or expert testimony." (ECF No. 98). Defendant specifically notes that the following records remain missing after the discovery deadline: "Federal Income Tax Returns (Past and Future Lost Earnings); Employment Records from Sweden (Past and Future Loss of Earnings); Earnings Statements from Sweden (Past and Future Loss of Earnings); Medical Records from Sweden (Past Treatment); Medical Records (Ongoing Treatment); Computation of Damages (Vocational Rehab); and Computation of Damages (Pain and Suffering and Future Treatment)." (*Id.*). Plaintiff responds that experts may supplement their reports and calculations until 30 days before trial. (ECF No. 104); *see*

**James C. Mahan**
**U.S. District Judge**

- 4 -

1 Fed. R. Civ. P. 26.  Furthermore, defendant will not suffer prejudice, because "advance notice
2 [already exists] that Lemperle is continuing treatment." (ECF No. 104).  Trial remains scheduled
3 far in advance of this order.

4 Defendant's motion is denied.  (ECF No. 98).  Plaintiff is permitted to supplement her reports, and defendant is not prejudiced at this juncture.  Fed. R. Civ. P. 26.  This court will rule on specific challenges for untimeliness as they arise.

    *f.   Motion in Limine to Exclude Any Evidence of Lost Earnings, Loss of Earning Capacity and Loss of Household Services Not Supported by Any Evidence Produced Before the Discovery Deadline*

Defendant asks this court to exclude evidence regarding plaintiff's claims of 1) lost earnings, 2) loss of earning capacity, and 3) loss of household services.  (ECF No. 99).  Due to certain inconsistencies and the speculative nature of plaintiff's evidence, defendant argues that a jury should not be presented with these claims.  (*Id.*).  The court disagrees.

Defendant notes that plaintiff's "supplemental disclosures and accompanying deposition testimony" are inconsistent with her expert's testimony.  (*Id.*).  Plaintiff is correct to note that defendant's arguments "go to . . . weight, not admissibility."  (ECF No. 100).  Any such inconsistencies are properly presented before jurors for their benefit.

As to defendant's claim that plaintiff's evidence is too speculative, defendant has already sought to strike the testimony that it presents in its instant motion.  (ECF No. 63).  This court has already determined that such testimony is admissible and finds no reason to now find otherwise.  (ECF No. 79).  Again, these questions go to weight, not admissibility.  Mechanisms exist for defendant to present and prove its instant arguments to a jury without prejudice.  This court finds no reason that the jury is unable to consider evidence on plaintiff's claims of lost earnings, loss of earning capacity, and loss of household services. Defendant's motion is denied.

**VI.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to strike, (ECF Nos. 110 & 112) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 5 -

IT IS FURTHER ORDERED that defendant Vincent Tjota's ("defendant") motion *in limine* regarding demonstrative exhibits, (ECF No. 94) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Vincent Tjota's ("defendant") motion *in limine* to exclude animation during trial, (ECF No. 95) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Vincent Tjota's ("defendant") motion *in limine* to exclude golden rule and reptile arguments, (ECF No. 96) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Vincent Tjota's ("defendant") motion *in limine* to exclude cumulative medical and lay witness testimony, (ECF No. 97) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Vincent Tjota's ("defendant") motion *in limine* to exclude evidence not timely produced, (ECF No. 98) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Vincent Tjota's ("defendant") motion *in limine* to exclude any evidence of lost earnings, loss of earning capacity and loss of household services not supported by any evidence produced before the discovery deadline, (ECF No. 99) be, and the same hereby is, DENIED.

DATED July 31, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**